UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMORNRIT SIRIPAN,

          Petitioner,

    v.

TONYA ANDREWS, et al.,

          Respondents.

No. 1:25-cv-01933-DC-CKD (HC)

ORDER DISMISSNG PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

(Doc. Nos. 1, 18)

Petitioner, proceeding through counsel, filed a petition for writ of habeas corpus under 8 U.S.C. § 2241. (Doc. No. 1) For the following reason, this court will dismiss this action as moot.

On May 6, 2026, the court issued an order granting Petitioner's motion for a temporary restraining order and ordering Petitioner's immediate release from immigration detention. (Doc. No. 16.) On that same day, Respondents filed a response to the court's order informing the court that Respondents were in the process of removing Petitioner to his native Thailand when the court issued the May 6, 2026 order requiring his release, such that he was no longer in the United States at the time it was issued. (Doc. No. 17.) Also on May 6, 2026, Petitioner filed a motion to set an emergency status conference regarding Petitioner's removal. (Doc. No. 18.) On May 8, 2026, Respondents filed a further response to the court's order reiterating their position that they complied with all court orders regarding Petitioner's detention, and that Petitioner's removal was the result of the lawful execution of his final order of removal, as Respondents indicated

1

throughout the pendency of this action would imminently occur. (Doc. No. 19.)

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of the federal court, a litigant must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." *Id.* "This case-or-controversy requirement subsists through all states of federal judicial proceedings . . . ." *Id.* Given that Petitioner has been removed, and that Petitioner neither contests the lawfulness of his order of removal to Thailand nor seeks relief relating to that order, his habeas petition is now moot. (*See* Doc. No. 1 at 22–23); *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when Petitioner was subsequently removed, "thereby curing his complaints about the length of his INS detention").

Accordingly, for the reasons explained above:

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED as having been rendered moot by his removal;

2.  Petitioner's motion to set an emergency status conference (Doc. No. 18) is DENIED as having been rendered moot by this order; and

3.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 14, 2026**

Dena Coggins
United States District Judge

2